FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 2 3 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JASWAL NARINDERPAL SINGH,

Defendant.

08-CR-868-06

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On June 28, 2010, Narinderpal Singh Jaswal—whose name is misstated in the caption—plead guilty to Count One of a four-count, superseding indictment, which charged that between September 2007 and November 2008, the defendant and others conspired to import one kilogram or more of heroin, MDMA, and 50 kilograms or more of marijuana into the United States, in violation of 21 U.S.C. §§ 963, 960(a)(1), and 960(b)(3).

Jaswal was sentenced on November 10, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 26 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 63 and 78 months. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 960(b)(3). The guidelines range of fine was from $12,500 to $1,000,000. The underlying indictment was dismissed by the court.

Jaswal was sentenced to 30 months' incarceration and 3 years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). This is a serious offense given the ease of smuggling illegal drugs from India, through Canada, and into the United States. Jaswal has intermediate culpability between the leader of the drug conspiracy and couriers. He waived his right to extradition and returned from India voluntarily to face these charges. His family is generally law abiding and his two children need attention. His hypertension and sleep apnea will make prison difficult. A sentence of 30 months' imprisonment reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the importation of illegal drugs into the United States will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his devoted wife, brother, and mother. His two young children need his attention. He also has a job waiting for him in Canada upon his release from prison. His physical disabilities are substantial.

Jack B. Weinstein
Senior United States District Judge

Dated: November 17, 2010
Brooklyn, New York